## PICOU v. ROUSSEAU (PICOU, Intervener).
### No. 1221.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1933.

Mat J. Allen, of Amite, for appellant.

Rownd & Warner, of Hammond, for appellee.

MOUTON, Judge.

Plaintiff, in October, 1932, obtained the seizure of an auto, then in the possession of defendant, Rousseau.

Eugene Picou filed an intervention claiming the ownership of the auto, which was based on an alleged sale of the auto to him by defendant.

The court below held that the alleged sale was a simulation, dismissed the intervention, and maintained the seizure.

Intervener appeals.

A bill of sale purporting to transfer the ownership of the auto by Rousseau to intervener for $325 was passed before L. W. Ernest, justice of the peace, on July 9, 1932.

When questioned as to the reality of the transaction, Eugene Picou, intervener, said he had paid $325 in cash for the auto. This sum was made up, according to his testimony, from $250 he had in his possession, $50 he borrowed from a bank, and $25 loaned him by his brother, Aristide or Alcide.

Mr. Rousseau, defendant, father-in-law of the intervener who was living with him, being asked if intervener had paid $325 for the auto, said in answer thereto: "He did not pay me just then. He paid me the last $25.00 when the bill of sale was passed." This was a clear contradiction of the testimony of his son-in-law, intervener, who testified that this sum had been paid in cash when the sale was passed.

The justice, L. W. Ernest, who had written the deed, was not questioned by intervener upon whom rested the burden of establishing his title to the auto, as to whether or not this sum of $325 had been paid in cash when the sale was executed.

In connection with the foregoing, it is proper to state that it is shown that the intervener could not pay interest on property he had bought at that time and, notwithstanding that fact, claims to have invested $325 in the auto in question, and a secondhand machine.

It is also shown that Rousseau, defendant, was actually in possession of the auto when it was seized and which had been almost invariably in his possession after the pretended sale, on July 9, 1932; intervener having been seen driving the auto only on two or three instances. This was shown by the neighbors of intervener and defendant, by two ferry men where defendant and intervener had occasion to cross some creek or stream, and by merchants where defendant bought oil and gas to run the auto. The fact is that the gas and oil purchased for the car was paid for by defendant and when not paid for was charged to his account, even when bought by Eugene Picou, intervener.

█ With evidence of that character, we think, the court correctly held that the pretended sale was a simulation, and properly dismissed the intervention.

Judgment affirmed.